IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONIQUE D. WOOD,

    Plaintiff,

v.                                                                  No. 1:24-cv-00409-LF

CHRISTUS ST. VINCENT REGIONAL
MEDICAL CENTER and
WAYNE LITTLEJOHN,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
## AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed April 30, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 30, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $5,535.00; (ii) Plaintiff's monthly expenses total $7,338.00; and (iii) "due to being unemployed for eight months last year, I'm living paycheck to paycheck." The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding, her monthly expenses exceed her monthly income and she lives paycheck to paycheck due to being unemployed for eight months last year.

**The Complaint**

Plaintiff asserts claims against her former employer, Christus St. Vincent Regional Medical Center, and her former direct supervisor Wayne Littlejohn. Plaintiff alleges that Littlejohn told Plaintiff, without explaining why, that she "had two options to resign or be terminated." Complaint at 3, 9. Plaintiff resigned. *See* Complaint at 10. Plaintiff asserts claims for discrimination and violation of the Family Medical Leave Act ("FMLA").

The Complaint fails to state claims for discrimination and pursuant to FMLA. The Complaint makes vague assertions that Defendants discriminated against Plaintiff and violated the Family Medical Leave Act but does not contain factual allegations describing the alleged discrimination and FMLA violations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based).

> Although "a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

*Howl v. Alvarado*, 783 Fed.Appx. 815, 817-18 (10th Cir. 2019); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Plaintiff asserts claims for "Violation of Civil Rights" stating "I felt discriminated against." Complaint at 4, 10. Plaintiff states she is a "Hispanic female" and Defendant Littlejohn is an "African American male." Complaint at 10. Plaintiff does not, however, allege facts showing that adverse employment actions occurred under circumstances giving rise to an inference of discrimination. *See Chea v. IHC Health Services, Inc.*, 2023 WL 6800097 *3 ("For a prima facie case of discrimination, [plaintiff] must show that '(1) [he] belongs to a protected class; (2) [he] suffered an adverse employment action; and (3) the adverse action occurred under circumstances giving rise to an inference of discrimination.'") (*Luster v. Vilsack*, 667 F.3d 1089, 1095 (10th Cir. 2011)).

>Plaintiff also asserts "Violation offering Plaintiff FMLA." Complaint at 4. Plaintiff states:
>
>>No communication or accommodations were provided for me to obtain FMLA regarding my ulcerative colitis flare . . . [Defendant Littlejohn] was provided with Doctors notes of my excused absence a month prior for an ulcerative colitis flare and Covid diagnosis.

Complaint at 3. Plaintiff does not identify which provision of the Family Medical Leave Act Defendants allegedly violated or alleged facts describing how Defendants violated the Family Medical Leave Act. *See* Ford v. Brennan, 2023 WL 5606233 *3, 5 ("To demonstrate a prima facie claim of FMLA interference, 'a plaintiff must establish (1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights.'") (quoting *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005)), ("To demonstrate retaliation under [the FMLA] an employee must show '(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'") (quoting *Brown v. Austin*, 13 F.4th 1079, 1090 (10th Cir. 2021)).

 The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's discrimination and FMLA claims for failure to state a claim. If Plaintiff asserts the Court should not dismiss those claims, Plaintiff must file an amended complaint that contains factual allegations supporting those claims.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if Plaintiff files: (i) an

amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 30, 2024, is **GRANTED.**

(ii)  Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss Plaintiff's claims; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE